EBENEZER PARKHURST *v.* SAMUEL EDWARDS, JR.

Parkhurst
*v.*
Edwards.

A plaintiff in ejectment is not precluded from recovering, on the ground of having executed a deed to a third person while the premises were holden by another adversely to both the parties to the deed.

EJECTMENT for a lot of land in Roxbury, of which Ebenezer Parkhurst was original proprietor. Plea, general issue, and trial by jury, and verdict and judgment for plaintiff.

On trial of the cause, the plaintiff offered the charter of the town, in which is the name of Ebenezer Parkhurst, and also other evidence, tending to show the plaintiff to be the same Ebenezer Parkhurst.

The defendant offered a copy of a deed from the plaintiff of the same lot, to Darius Spalding and Allen Spalding, duly signed and sealed, witnessed, acknowledged, and recorded, before the commencement of this action ; and it was admitted that, at the time of executing said deed, the defendant was in possession of the premises, claiming adversely to the plaintiff.

The defendant's counsel insisted that the plaintiff, having thus parted with his title to the premises, was not entitled to recover ; but the court decided that, inasmuch as there was an adverse possession at the time of giving the deed, the same was void, and charged the jury accordingly. To which decision and charge the defendant excepted.

*J. L. Buck,* for defendant.

The question in this case is, whether the plaintiff, after having deeded the land in question, so that the title of record is in other persons, can recover in an action of ejectment. This must depend upon the construction of the 26th and 27th sections of chap. 60, Rev. Stat. page 315. The first of the above sections declares every deed, lease, and other conveyance of land absolutely void, and of no effect to convey said land, if, at the time of the delivery thereof the same is claimed adversely by a person in possession. The 27th section provides that the grantor shall be bound by all the covenants in such deed. What, then, is the effect of the above sections taken together ? It is, that, after a recovery in this suit, the grantees may take possession, and the covenants in the plaintiff's deed will prevent his ever recover-

ing of them. The plaintiff has, in form, parted with his title, and, as we insist, is precluded by his covenants from ever again obtaining possession, so that, in effect, the deed must operate as a conveyance.

If these positions are correct, then the latter of the two sections above named, is inconsistent with the first, and if so, one or the other must be disregarded.

Again : the object of the law was, to prevent litigation, or in other words, to prevent men from buying lawsuits. But how is this prevented, if the grantee may cause a suit to be instituted in the name of the grantor, and, after judgment, the land remains the property of the grantee ?

*L. B. Peck,* for plaintiff.

The conveyance from the plaintiff to Spalding passed no title. The defendant being in possession at the time, and claiming *adversely* to the plaintiff, the deed was void under our statutes, ( Rev. Stat. p. 315, §26 ) and the action is correctly brought in the plaintiff's name. *Brinley* v. *Whiting,* 5 Pick. 348 ; *Stevens* v. *Dewing,* 2 Aik. R. 112 ; *Williams* v. *Johnson,* 5 Johns. R. 489 ; *Wolcott* v. *Knight,* 6 Mass. R. 418 ; 4 Kent's Com. 440 ; *Thomas* v. *Perry,* Peters' C. C. R. 49.

The opinion of the court was delivered by

REDFIELD, J.—The only question to be determined in this case is, whether the plaintiff in-ejectment is precluded from recovering, on the ground of having given a deed of the land sued for, while there was an adverse possession of the same.

The statute provides that such a deed shall be void. The grantee cannot, of course, recover in his own name. Unless, then, there could be a recovery in the name of the grantor, the right of action, which before was perfect, it may be, against the disseizor, would be lost by the *operation of a deed,* which the statute provided should have *no operation.*

But it is said, by that provision of the statute making the *covenants* operative, the grantor will be estopped from disputing the right of the grantee to the land, when recovered, and thus the deed will, in effect, be made operative to

convey the land. This may be true. But it is a result which the law produces, and which the court cannot, and would not, prevent. That provision in the statute must be repealed if it is injurious, or operates to destroy the effect of the general provision of the statute. But we do not see that such is the effect. The deed is void so far as third persons are concerned. Between the parties it was not intended to be made so.

Judgment affirmed,